## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2013 OCT 17 PM 1: 54

CLERK OF COURT

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. CF0104-13 |
| | ) | |
| vs. | ) | **DECISION AND ORDER** |
| | ) | (Motion to Dismiss Indictment) |
| ALLAN ELAGO GALENDEZ, | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion and Memorandum of Points and Authorities in Support of Motion to Dismiss Indictment. Defendant Allan Elago Galendez ("Defendant") is represented by Assistant Public Defender Maria G. Fitzpatrick. The People of Guam ("The People") are represented by Assistant Attorney General Teri C. Tenorio. After reviewing the pleadings, the Court now issues the following Decision and Order DENYING Defendant's Motion to Dismiss.

## BACKGROUND

On February 27, 2013, Defendant was indicted on charges of Advanced Stalking (As a Second Degree Felony), Burglary (As a Second Degree Felony), Terrorizing (As a Third Degree Felony), Family Violence (As a Misdemeanor), Assault (As a Misdemeanor), and Violation of Court Order (As a Misdemeanor) (3 Counts).

On July 5, 2013, Defendant filed Motion and Memorandum of Points and Authorities in Support of Motion to Dismiss Indictment ("Motion to Dismiss"). The People filed People's Response in Opposition to Defendant's Motion to Dismiss Indictment ("Opposition") on

*People v. Galendez*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0104-13

August 12, 2013. Defendant filed Reply Memorandum of Points and Authorities in Support of Motion to Dismiss Indictment ("Reply") on August 20, 2013.

## DISCUSSION

Title 8 GCA 50.42 states that "[t]he grand jury shall receive only *competent evidence* but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury." 8 GCA § 50.42 (2013). The Compiler's Note under Section 50.42 states that "Section 50.42 . . . lowers the standard of evidence required to be presented before the grand jury, requiring that evidence only be *competent*, rather than requiring that evidence be admissible over objection at a trial.'" 8 GCA § 50.42. "[T]he function of the grand jury is only to determine whether there is sufficient evidence to charge a person with a crime. . . . If it is evidence that a reasonable person would rely upon in conducting his or her daily affairs, then it is competent within the meaning of the statute, regardless of whether it would be admissible at trial under the rules of evidence." *People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir.1987).

Additionally, "[t]he Compiler's Note makes it clear that hearsay evidence is not necessarily incompetent for the limited purpose of being presented to the Grand Jury." *People v. Quidachay*, 1986 WL 68912 at * 2 (D.Guam.App.Div.1986). Similarly, "The [United States] Supreme Court has held that there is no constitutional prohibition against presenting hearsay to a grand jury or against hearsay forming the basis for an indictment." *Quidachay*, 815 F.2d at 1312 (citing *Costello v. United States*, 350 U.S. 359, 363 (1956)).

Defendant notes that as The People's only witness before the Grand Jury, Attorney General Investigator Salas ("Investigator Salas") testified based on a police report. Motion to

Dismiss at 1. Defendant contends that this evidence was not competent evidence, because Investigator Salas did not have personal knowledge of the preparation of the police report. *Id.* The People, in Opposition, argue that Defendant's argument fails, because he ignores well-settled law that permits the use of hearsay during grand jury proceedings. Opposition at 3. Defendant, in his Reply, contends this is not an issue of whether the evidence presented to the Grand Jury was hearsay, and concedes that hearsay can be presented to a grand jury. Reply at 1. Defendant argues the present case is entitled to dismissal not because Investigator Salas's testimony was hearsay. *Id.* at 2. Defendant, however, contends the evidence is incompetent and dismissal is warranted, because Investigator Salas did not participate in the investigation and did not interview the witnesses himself. *Id.* at 2.

The Court notes that regardless of how Defendant frames his argument, it appears Defendant is challenging the hearsay nature of the evidence presented to the Grand Jury. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Guam R. Evid. 801(c). In the present case, Investigator Salas was the sole witness before the Grand Jury, and had no personal connection with the case. He was simply a conduit for a police report composed of hearsay.

The Court holds that Defendant's argument fails, since existing precedent does not distinguish between hearsay offered by a grand jury witness like Investigator Salas to the hearsay offered by one who is actually involved in an investigation. *See 8* GCA § 50.42; *People v. Quidachay*, 815 F.2d 1311; *Costello v. United States*, 350 U.S. 359. The Court reiterates that an indictment should not be dismissed where an indictment is based only on hearsay evidence. Therefore, the Court must deny Defendant's Motion to Dismiss based on the absence of such precedent.

*People v. Galendez*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0104-13

Finally, the Court reiterates that "competent evidence" is evidence that a reasonable person would rely upon in conducting his or her daily affairs, irrespective of whether the evidence would be admissible at trial under the rules of evidence. There is no authority to support the proposition that in order for evidence to be competent, a testifying witness must have participated in preparation of the report and must have personal knowledge of the preparation of the report.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**. Further proceedings are set for _Oct. 22, 2013. 9 am_

**SO ORDERED** this _16th_ of October 2013.

_____
**HONORABLE MICHAEL J. BORDALLO**
**JUDGE, SUPERIOR COURT OF GUAM**

OCT 1 6 2013

Page 4 of 4

*People v. Galendez*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0104-13